IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00341-BNB

JAMES W. HALL,

      Applicant,

v.

TOM CLEMENTS, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

## ORDER OF DISMISSAL

      Applicant, James W. Hall, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Hall has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Denver District Court case number 00CR2187.

      On February 14, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On March 20, 2012, Respondents filed their Pre-Answer Response (ECF No. 10). On April 23, 2012, Mr. Hall filed a reply (ECF No. 12) to the Pre-Answer Response and an "Application-Motion to Vacate, Set Aside, or Correct His Sentence and Conviction Under 28 U.S.C.A. § 2254" (ECF No. 11). On April 25, 2012,

Mr. Hall filed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 13) and a motion for appointment of counsel (ECF No. 14).

The Court must construe the application and other papers filed by Mr. Hall liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Hall was convicted by a jury of first degree murder after deliberation and he was sentenced to life in prison without the possibility of parole. The judgment of conviction was affirmed on direct appeal. *See People v. Hall*, No. 02CA1351 (Colo. App. Aug. 5, 2004) (unpublished) (ECF No. 10-3). On January 24, 2005, the Colorado Supreme Court denied Mr. Hall's petition for writ of certiorari on direct appeal. (*See* ECF No. 1 at 9 of 31.)

On June 20, 2007, Mr. Hall filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 10-1 at 5 of 13.) On September 6, 2007, the trial court denied the Rule 35(c) motion (*see id.*), but Mr. Hall did not appeal.

On January 24, 2011, Mr. Hall filed in the trial court a postconviction motion pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure challenging the trial court's subject matter jurisdiction. (*See id.*) On February 4, 2011, the trial court denied the Rule 35(a) motion. (See id.) On February 25, 2011, Mr. Hall filed in the trial court another postconviction motion challenging that court's subject matter jurisdiction. (See id.) That motion was denied on March 11, 2011. (See id.) The trial court's order

2

denying the Rule 35(a) motion was affirmed on appeal. *See People v. Hall*, No. 11CA0736 (Colo. App. Nov. 3, 2011) (unpublished) (ECF No. 10-5).

Mr. Hall commenced this action on February 9, 2012. He asserts one claim for relief arguing that his federal constitutional rights were violated because he was not charged in his criminal case by grand jury indictment. According to Mr. Hall, the absence of a grand jury indictment deprived the trial court of subject matter jurisdiction.

Respondents first assert that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect

3

>> to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Although Mr. Hall has filed a reply to the Pre-Answer Response, he does not address Respondents' arguments regarding the timeliness of the application under § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Hall's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Hall had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on January 24, 2005, but he did not do so. Therefore, the Court finds that Mr. Hall's conviction became final on April 25, 2005, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

The Court also finds that the one-year limitation period began to run on April 25, 2005, because Mr. Hall does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his

---

[1] The ninetieth day after January 24, 2005, was Sunday, April 24, 2005. Therefore, the filing period extended until Monday, April 25, 2005. *See* Sup. Ct. R. 30.1.

claim before his conviction became final in April 2005.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."

*Gibson*, 232 F.3d at 804.

Mr. Hall did not file any state court postconviction motions within twelve months after the one-year limitation period began to run on April 25, 2005.  As a result, the one-year limitation period ran uninterrupted until it expired on April 25, 2006, and the state court postconviction motions Mr. Hall subsequently filed in June 2007 and January 2011 did not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Therefore, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.  Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the petitioner actually is innocent.  *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court"

in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Hall fails to demonstrate or even argue that the one-year limitation period should be tolled for equitable reasons and the Court finds no basis for equitable tolling in this action. As a result, the Court finds that this action is barred by the one-year limitation period and the action will be dismissed for that reason. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments Mr. Hall's claim also is unexhausted. Mr. Hall's motion for appointment of counsel and the other pending motions will be denied because the action clearly is time-barred and will be dismissed for that reason.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that the "Application-Motion to Vacate, Set Aside, or Correct His Sentence and Conviction Under 28 U.S.C.A. § 2254" (ECF No. 11), the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 13), and the motion for appointment of counsel (ECF No. 14) are DENIED.

DATED at Denver, Colorado, this  27th  day of    April    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court